McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>APPROXIMATELY $57,128.87 IN<br>U.S. CURRENCY SEIZED FROM<br>WELLS FARGO BANK ACCT. NO.<br>100-3307319,<br><br>　　　　　　Defendant. | 2:04-CV-2070-GEB-DAD<br><br>FINAL JUDGMENT OF<br>FORFEITURE |

　　　Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

　　　1.  This is a civil forfeiture action against approximately $57,128.87 in funds seized on May 18, 2004 from Wells Fargo Bank account number 100-3307319,(hereinafter "defendant funds").

　　　2.  A Complaint for Forfeiture *In Rem* was filed on or about October 1, 2004, seeking the forfeiture of the defendant funds alleging that such funds were subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 for violations of 18 U.S.C. § 1960, and pursuant to 31 U.S.C. § 5317(c)(2) for violations of 31 U.S.C. § 5324.

3.   On or about October 4, 2004, Magistrate Judge Peter A. Nowinski issued a summons and warrant of arrest *in rem* for the defendant funds, and that warrant was duly executed on October 8, 2004.

4.   On or about October 26, 2004, a Public Notice of Arrest of defendant funds appeared by publication in <u>The Stockton Record</u> a newspaper of general circulation in the county in which the defendant funds were seized.  The Proof of Publication was filed with the Court on November 4, 2004.

5.   In addition to the Public Notice of Arrest having been completed, actual notice was given to the following individuals:

    a.   Susan Gardner, Office Manager, of Pacheco & Jo located at 555 Capital Mall, #766 in Sacramento, California, on behalf of their clients, Bunna Im and Soren Im.

6.   On or about November 5, 2004, claimants Bunna Im and Soren Im filed claims in this action to the defendant funds.  On or about November 23, 2004, Bunna Im and Soren Im filed an Answer to Plaintiff's Complaint.

7.   Apart from claimants Bunna Im and Soren Im, no other claimants have filed claims or answers in this matter.  The time by which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

1.  That the Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

1    2.  That judgment is hereby entered against claimants Bunna Im
2 and Soren Im and all other potential claimants who have not filed
3 claims in this action.
4    3.  Upon entry of a Final Judgment of Forfeiture, $47,128.87
5 of the defendant funds, together with any interest that may have
6 accrued on that amount, seized on or about May 18, 2004, shall be
7 forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A)
8 and 31 U.S.C. § 5317(c)(2), to be disposed of according to law.
9    4.  Upon entry of a Final Judgment of Forfeiture herein, but
10 no later than 60 days thereafter, the United States Department of
11 Treasury shall electronically transfer $10,000.00 of the defendant
12 funds, together with any interest that has accrued on that amount,
13 to claimants Bunna Im and Soren Im through their attorney, Charles
14 A. Pacheco.
15    5.  Claimants Bunna Im and Soren Im hereby release plaintiff
16 United States of America and its servants, agents, and employees
17 and all other public entities, their servants, agents, and
18 employees, from any and all liability arising out of or in any way
19 connected with the arrest/seizure or forfeiture of the
20 approximately $57,128.87 in defendant funds seized on or about May
21 18, 2004.  This is a full and final release applying to all unknown
22 and unanticipated injuries, and/or damages arising out of said
23 arrest/seizure or forfeiture, as well as to those now known or
24 disclosed.  The parties to this agreement agree to waive the
25 provisions of California Civil Code § 1542, which provides: **"A**
26 **general release does not extend to claims which the creditor does**
27 **not know or suspect to exist in his favor at the time of executing**
28 **the release, which if known by him must have materially affected**

**his settlement with the debtor."**

6. Without admitting that the defendant funds were involved in, or traceable to, violations of 18 U.S.C. § 1960 and 31 U.S.C. § 5324, claimants Bunna Im and Soren Im stipulate that there was reasonable cause for the seizure and arrest of the defendant funds and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

7. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated:   November 16, 2005

                                 /s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein and the allegations set forth in the Complaint for Forfeiture *In Rem* filed October 1, 2004, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for seizure of defendant funds.

Dated:   November 16, 2005

                                 /s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge